REQUESTED BY: Senator Jim Jones
You have requested the opinion of this office regarding the responsibility of the Game and Parks Commission (Commission) for fence maintenance along the railroad right-of-way acquired as a result of Neb. Rev. Stat. § 81-815.59 (1994). Your specific question is whether the Commission assumes "sole responsibility" for fence maintenance under Neb. Rev. Stat. § 81-815.61
(1994) when it takes title to the land, when a section of the trail is developed or when the entire trail is developed.
We will first briefly review the pertinent statutes. Neb. Rev. Stat. § 81-815.59 authorized the Commission to accept as a gift the right-of-way of the Chicago and Northwestern Railroad located between Norfolk and Chadron, Nebraska. Section 84-815.59 further provides that the Commission "shall hold the right-of-way for interim trail use as a state recreational trail, to preserve wildlife habitat, and to provide a conservation, communications, utilities and transportation corridor and for other uses approved by the commission and allowed by the National Trails System Act."
Neb. Rev. Stat. § 81-815.61 sets forth the responsibility for fences as follows:
 The Game and Parks Commission shall have the same responsibility with regard to division fences as a private landowner as provided in sections 34-101 to 34-117, except that in those areas where a recreational trail is developed, the commission shall have the same responsibility as a railroad as provided in sections 74-601 to 74-604.
Neb. Rev. Stat. §§ 34-101 to 34-117 (1993 and Cum. Supp. 1996) provide that, when two or more persons have lands adjoining, those landowners must share the cost of erection and maintenance of a division fence unless neither of the adjoining landowners desires a division fence. The general rule provided by these statutes is that each adjoining landowner is responsible for one-half the cost of the division fence. Therefore, with regard to the railroad right-of-way to be known as the Cowboy Trail, the Commission is required to share the cost of the division fence with the adjoining landowner except in those areas where a recreational trail is developed. As to those areas one must look to Neb. Rev. Stat. §§ 74-601 to 74-604 (Cum. Supp. 1994) to determine the Commission's responsibility for fences. Those statutes generally require a railroad corporation to "erect and thereafter maintain fences on the sides of its railroad, or the part thereof so open for use. . . ." Neb. Rev. Stat. §74-601.
Under Nebraska law, where the words of a statute are plain and unambiguous, no interpretation is needed to ascertain their meaning. Sorensen v. Meyer, 220 Neb. 457, 370 N.W.2d 173
(1985). In the absence of anything to indicate the contrary, words will be given their ordinary meaning. Kellog Co. v.Herrington, 216 Neb. 138, 343 N.W.2d 326 (1984). It appears to us that the language of § 81-815.61 is clear and that no interpretation or resort to legislative history for the purpose of discovering legislative intent is necessary. The Legislature has provided that, with regard to the acquired right-of-way, the Commission will share the cost of erecting and maintaining fences as would a private land owner pursuant to §§ 34-101 to 34-117. The Legislature has also provided for an exception for those areas where a recreational trail is developed. That the Legislature contemplated that portions of the right-of-way would be developed as a recreational trail by section over time is also evidenced by Neb. Rev. Stat. § 81-815.60 which allows the Commission to lease those portions of the right-of-way which are not immediately developed as a recreational trail. For the reasons discussed above, we conclude that, when a section of the railroad right-of-way is developed as a recreational trail, the Commission must assume the full cost to erect and maintain fences along that section of the right-of-way.
It is our understanding, after consulting with the Commission, that no sections of the right-of-way have yet been completed for use by the public as a recreational trail. We have learned that the work remaining to be completed includes ballast salvage, surfacing, installation of stop signs and other warning signs and the installation of bollards at road crossings to provide protection. However, as a section is developed and ready for use, the Commission will bear the full cost of fences for that section as would a railroad as set forth in §§ 74-601 to74-604.
Sincerely,
 DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
Approved By:
Don Stenberg
Attorney General